**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| MARK HAMBURG, | ) |
| Plaintiff, | ) |
| | ) No.  1:12-cv-374 |
| vs. | ) |
| WELTMAN, WEINBERG & REIS CO., L.P.A., | ) **JURY DEMAND ENDORSED HEREON** |
| Defendant. | ) |

**COMPLAINT**

NOW COMES the Plaintiff, MARK HAMBURG, by and through his attorneys, LUXENBURG & LEVIN, LLC, and for his Complaint against the Defendant, WELTMAN, WEINBERG & REIS CO., L.P.A., , Plaintiff alleges and states as follows:

**PRELIMINARY STATEMENT**

1. This is an action for damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. § 1692, *et seq*., and the Ohio Consumer Sales Practices Act (hereinafter the "OCSPA"), Ohio Rev. Code § 1345.01, *et seq*.

**JURISDICTION AND VENUE**

2. Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692, *et seq*.  Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to the claim occurred within this District.

**PARTIES**

3. Plaintiff is an individual who was at all relevant times residing in Eastlake, Ohio.

4. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3), as he is a natural person allegedly obligated to pay a debt.

5. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff.

6. The aforementioned alleged debt is a "debt" within the meaning of 15 U.S.C. § 1692a(5), in that it is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance and/or services which are the subject of the transaction were primarily for personal, family and/or household purposes.

7. On information and belief, Defendant is a legal professional association of the State of Ohio which has its principal place of business in Cleveland, Ohio.

## COUNT I

(Violation of the Fair Debt Collection Practices Act)

8. During or about January and October of 2007, Defendant's agents, representatives and/or employees filed two judgment liens against certain real property located at 431 E. 324th Street, Eastlake, Ohio. Said property has been owned solely by Plaintiff since May 20, 1999.

9. The judgments upon which said liens are based were entered solely against Plaintiff's ex-wife, Christina Hamburg, who transferred any interest that she had in said property to Plaintiff on May 20, 1999. A deed reflection such transfer was filed and recorded the following day.

10. Despite Plaintiff's repeated requests for Defendant to remove the improper judgment liens against his property, Defendant has refused to do so.

11. In its attempts to collect the aforementioned alleged debt, Defendant violated the FDCPA in one or more of the following ways:

    a. Falsely representing the character and/or legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A);

    b. Representing or implying that nonpayment of the alleged debt would result in the seizure, attachment and/or sale of Plaintiff's property where such action was unlawful and/or Defendant did not intend to take such action, in violation of 15 U.S.C. § 1692e(4);

    c. Threatening to take action that could not legally be taken and/or that was not intended to be taken, in violation of 15 U.S.C. § 1692e(5);

    d. Using an unfair or unconscionable means to attempt to collect a debt, in violation of 15 U.S.C. § 1692f; and

    e. By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

12. As a result of Defendant's violations as aforesaid, Plaintiff has suffered and continues to suffer personal humiliation, embarrassment, mental anguish, emotional distress and other actual damages.

WHEREFORE, Plaintiff, MARK HAMBURG, respectfully prays for a judgment against Defendant as follows:

    a. All actual damages suffered;

    b. Statutory damages of $1,000.00 for each violation of the FDCPA;

    c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

   d.  Any other relief deemed appropriate by this Honorable Court.

## COUNT II

(Violation of the Ohio Consumer Sales Practices Act)

  13.  Plaintiff hereby adopts, re-alleges and incorporates by reference all allegations set forth above as though fully rewritten here.

  14.  Defendant's actions in attempting to collect the alleged debt from Plaintiff as described above constitute a "consumer transaction" as defined in Ohio Rev. Code § 1345.01(A).

  15.  Defendant is a "supplier" as defined in Ohio Rev. Code § 1345.01(D), as Defendant is in the business of effecting or soliciting consumer transactions.

  16.  Plaintiff is a "consumer" as defined in Ohio Rev. Code § 1345.01(C), as he is a person who engaged in a consumer transaction with a supplier, the Defendant herein.

  17.  Defendant's actions and omissions described above constitute unfair, deceptive and unconscionable acts and practices, in violation of Ohio Rev. Code §§ 1345.02 and 1345.03, and the substantive rules promulgated under the OCSPA.

  18.  Defendant, through its agents and employees, knowingly committed the unfair, deceptive and unconscionable acts and practices described above.

  19.  As a result of Defendant's unfair, deceptive and unconscionable acts and practices, Plaintiff has suffered, and continues to suffer, various damages which include, but are not limited to the categories of damages described above.

  WHEREFORE, Plaintiff, MARK HAMBURG, respectfully prays for a judgment against Defendant as follows:

   a.  Three times the amount of all actual damages suffered;

   b.  Statutory damages of $200.00 for each violation of the OCSPA;

4

c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

d. Any other relief deemed appropriate by this Honorable Court.

## **JURY DEMAND**

Pursuant to Civil Rule 38, Plaintiff hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of his claims in this action.

Respectfully Submitted,

/s/ David B. Levin
David B. Levin (0059340)
Mitchel E. Luxenburg (0071239)
Attorneys for Plaintiff
Luxenburg & Levin, LLC
23875 Commerce Park
Suite 105
Beachwood, OH 44122
(888) 493-0770, ext. 302 (phone)
(866) 551-7791 (facsimile)
David@LuxenburgLevin.com

5